IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| GARY DWIGHT VANN, #01879613 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv508 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

Petitioner Gary Dwight Vann, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #28) concluding that the petition should be denied. Vann has filed objections (Dkt. #32).

Vann is challenging his Denton County conviction for possession of more than one gram but less than four grams of cocaine, enhanced by two prior felony convictions. On February 15, 2013, after a jury trial, he was sentenced to forty-five years of imprisonment. The conviction was affirmed. *Vann v. State*, No. 08-13-00104-CR, 2015 WL 3793917 (Tex. App. - El Paso June 17, 2015, pet. ref'd). On June 8, 2016, the Texas Court of Criminal Appeals denied his application for a writ of habeas corpus without written order on findings of the trial court without a hearing.

In the present petition, Vann argues that he is entitled to habeas corpus relief for the following reasons:

1. Trial counsel was ineffective for failing to meet with Shonda Riley;

2. Trial counsel was ineffective for failing to call Riley as a witness;

1

3. Trial counsel was ineffective for failing to attack the credibility of the confidential informant;

4. Trial counsel was ineffective for failing to object to testimonial hearsay;

5. Trial counsel was ineffective for failing to investigate the alleged surveillance;

6. Trial counsel was ineffective for failing to object to probable cause;

7. Trial counsel was ineffective for failing to investigate and subpoena the phone records of Leonard and Newkirk;

8. Trial counsel was ineffective for failing to request or inspect statements made by the State's attorney;

9. Prosecutorial misconduct;

10. Appellate counsel was ineffective for failing to file a motion for new trial;

11. Appellate counsel was ineffective for failing to present Vann's hearsay claim on direct appeal;

12. Appellate counsel was ineffective for failing to present requested mistrial claim on direct appeal; and

13. Appellate counsel was ineffective for failing to amend the original appeal brief to challenge the inventory search.

Vann's objections are simply reassertions of the claims raised in his petition for a writ of habeas corpus. The Magistrate Judge thoroughly addressed each of the claims and found that Vann has not shown that he is entitled to relief. Vann has not presented anything in his objections that was not addressed and rejected by the Magistrate Judge. With respect to the ineffective assistance of counsel claims, Vann has not shown that his attorney's representation in this matter was deficient or that he was prejudiced by deficient representation, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He likewise failed to show prosecutorial misconduct. His various claims lack merit.

Vann's grounds for relief should be denied for the additional reason that he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Finally, with respect to the ineffective assistance of counsel claims, Vann failed to overcome the "doubly" deferential standard that must be accorded to counsel in light of both *Strickland* and § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Vann to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Vann's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 28th day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE